UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRUSTEES OF THE PAVERS AND ROAD BUILDERS DISTRICT COUNCIL WELFARE, PENSION, ANNUITY, AND APPRENTICESHIP, SKILL IMPROVEMENT AND SAFETY FUNDS,<br><br>Plaintiffs,<br><br>-against-<br><br>PERFETTO ENTERPRISES, CO., INC.,<br><br>Defendant. | 16 CV _____<br><br>**COMPLAINT** |

Plaintiffs, by and through their attorneys, Virginia & Ambinder, LLP, as and for their Complaint, respectfully allege as follows:

### **NATURE OF THE ACTION**

1. This is a civil action pursuant to sections 502(a)(3) and 515 of the Employee Retirement Income Security Act, as amended, 29 U.S.C. §§ 1132(a)(3), 1145 ("ERISA"), and section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185 ("LMRA"), and other applicable law, to collect delinquent employer contributions to a group of employee benefit plans and for related relief.

### **JURISDICTION AND VENUE**

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367, and pursuant to 29 U.S.C. §§ 185 and 1132(e)(1).

3. Venue is proper in this judicial district pursuant to 29 U.S.C. §§ 185(a) and 1132(e)(2).

## THE PARTIES

4. Plaintiffs are employer and employee trustees of the Pavers and Road Builders District Council Welfare, Pension, Annuity, and Apprenticeship, Skill Improvement and Safety Funds (collectively, the "Funds"). The Funds are multiemployer labor-management trust funds organized and operated in accordance with section 302(c) of the LMRA, 29 U.S.C. § 186(c). The Funds are employee benefit plans within the meaning of section 3(3) of ERISA, 29 U.S.C. § 1002(3). The Funds are administered at 17-20 Whitestone Expressway, Suite 200, Whitestone, New York 11357.

5. Upon information and belief, Defendant Perfetto Enterprises, Co. Inc. ("Perfetto") is a corporation organized under the laws of the State of New York. At relevant times, Defendant was engaged in business as an employer within the meaning of section 3(5) of ERISA, 29 U.S.C. § 1002(5), and was an employer in an industry affecting commerce within the meaning of section 301 of the LMRA, 29 U.S.C. § 185. Defendant maintains its principal place of business at 2319 Richmond Terrace, Staten Island, New York 10302.

## CLAIM FOR RELIEF

6. Plaintiffs repeat the allegations set forth in paragraphs 1 through 5 above and incorporate them herein by reference.

7. At relevant times, Defendant was a party to, or manifested an intention to be bound by, a collective bargaining agreement (the "Agreement") with the Highway Road, and Street Construction Laborers Local Union 1010 ("Union").

8. The Union is a labor organization within the meaning of section 301 of the LMRA, 29 U.S.C. § 185, and represents employees in an industry affecting commerce as defined in section 502 of the LMRA, 29 U.S.C. § 142.

9. The Agreement required Defendant to make specified hourly contributions to the Funds (including amounts for related entities on behalf of which they act as collection agents) in connection with all work performed in the trade and geographical jurisdiction of the Union ("Covered Work").

10. The Agreement requires Defendant to submit monthly reports to the Funds detailing how much Covered Work was performed by Defendant's employees and the amount of corresponding contributions Defendant owes to the Funds.

11. Defendant failed to report the number of hours of Covered Work performed by each of its employee and failed to remit corresponding contributions for Covered Work performed by each of its employee from December 2015 through April 2016.

12. Section 515 of ERISA provides that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145.

13. Defendant contravened both the Agreement and section 515 of ERISA by its failure to submit reports and contributions for Covered Work performed by its employees from December 2015 through April 2016.

14. Under section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), and under the Agreement and/or the documents and instruments governing the Funds, Defendant is liable to the Funds for an unknown amount of unreported contributions for December 2015 through April 2016, interest on the amount of the unpaid fringe benefits at an annual rate of 10%; liquidated damages in the amount of 20% of the unpaid fringe benefits adjudged to be due and owing, and attorneys' fees and costs incurred by the Funds in prosecuting this suit.

**WHEREFORE**, Plaintiffs respectfully request that this Court:

(1) Award judgment to Plaintiffs against Defendant in an amount to be determined at trial for an unknown amount of unreported contributions for December 2015 through April 2016, interest on the unpaid fringe benefit at an annual rate of 10%, liquidated damages in the amount of 20% of the unpaid fringe benefits adjudged to be due and owing;

(2) Award Plaintiffs all reasonable attorneys' fees, expenses, and costs that they incur in prosecuting this suit; and

(3) Award Plaintiffs such other and further relief as is just and proper.

Dated: New York, New York  
June 29, 2016

Respectfully submitted,

**VIRGINIA & AMBINDER, LLP**

By: _____  
Charles R. Virginia  
Nicole Marimon  
40 Broad Street, 7th Floor  
New York, New York 10004  
(212) 943-9080

*Attorneys for Plaintiffs*